JAFFRAY et al. v. UNITED STATES.

(Circuit Court, S. D. New York. February 5, 1896.)

No. 517.

CUSTOMS DUTIES—CLASSIFICATION—VELVET RIBBONS.

"Velvet ribbons," having no selvedge, but merely a finished edge, were dutiable under the description "all manufactures of silk, or of which silk is the component material of chief value," contained in paragraph 414 of the act of 1890, and not as "pile fabrics," under paragraph 411, which includes "plushes" and "velvets." and "other pile fabrics."

This was an appeal by E. S. Jaffray & Co., importers of certain velvet ribbons, from a decision of the board of general appraisers sustaining the action of the collector of the port of New York, in respect to the classification of the merchandise for duty.

D. I. Mackie, for importers.

J. T. Van Rensselaer, Asst. U. S. Atty.

COXE, District Judge (orally). The appellants imported articles which, upon the undisputed testimony, are known as velvet ribbons. I understand it to be conceded on the part of the district attorney that nobody in the ribbon trade ever heard them referred to as pile fabrics. They were assessed for duty by the collector under paragraph 411 (Act 1890) of the silk schedule, unquestionably under that clause of the paragraph which refers to "other pile fabrics." The importers insist that they should be assessed under paragraph 414, which provides for "all manufactures of silk, or of which silk is the component material of chief value." The question, then, is whether or not the velvet ribbons imported are pile fabrics. In construing that paragraph we must have in view what was understood in the trade at the time that the tariff act was passed. There is no dispute, as I understand the evidence, that the terms "velvets" and "plushes" relate exclusively to goods varying from 15 to 52 inches in width, and having upon their edges a wide selvedge, that is, a comparatively wide selvedge. The counsel have not alluded to it, but it seems to me that the doctrine of ejusdem generis has some application to this case. It being admitted that the first and second articles enumerated in the paragraph relate to these wide fabrics, it would seem probable that congress intended by "other pile fabrics" to provide for other similar pile fabrics, that is, wide piece goods having selvedge edges. That, in connection with the testimony, which I think tends to establish the proposition that the term "pile fabrics" does mean such piece goods, inclines the court to adopt the construction of the importers. It will be a forced construction to wrench the clause in question from its obvious association with fabrics of a totally different character and make it cover such small articles as were imported in this case. I think it is also true that in no event can this paragraph cover a pile fabric unless it be a pile fabric having a selvedge. The weight of testimony is to the effect that the velvet ribbons in this case have not what was known to the trade and commerce of this country as a selvedge. They have a finished edge, but I understand that the witnesses substantially agree in saying they have not a selvedge edge, certainly not such a selvedge as was understood by the importers and large dealers in these articles at the time the tariff act was passed. Therefore, the court must hold that these velvet ribbons are not pile fabrics having a selvedge edge. This being so, they would be properly classified under paragraph 414.

The decision of the board of appraisers is reversed.